IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

COURTNEY GREEN,

                         Plaintiff,

      vs.

PAYPAL INC.,

                         Defendant.

**8:22CV88**

**MEMORANDUM
AND ORDER**

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1).

## I.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As part of its initial review, this court also has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

This case involves a billing dispute in which Plaintiff attempts to invoke the court's subject-matter jurisdiction under 28 U.S.C. § 1332, which provides that"[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]" 28 U.S.C.A. § 1332(a)(1) (Westlaw 2022). While Plaintiff has sufficiently pled the diversity of citizenship requirement, she only requests $5,000.00 in damages and the actual amount of the billing dispute is substantially less than that.

## III. CONCLUSION

It is apparent from the face of Plaintiff's Complaint that the court does not have subject-matter jurisdiction over the state-law claim alleged in such pleading. This action is therefore subject to preservice dismissal under 28 U.S.C. § 1915(e)(2).

IT IS ORDERED:

1. This action is dismissed without prejudice for lack of subject-matter jurisdiction.

2. Judgment shall be entered by separate document.

Dated this 15th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

2