IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COURTNEY GREEN,<br><br>Plaintiff,<br><br>vs.<br><br>PAYPAL INC.,<br><br>Defendants. | 8:22CV88<br><br><br>**MEMORANDUM<br>AND ORDER** |

On March 15, 2022, the court entered a final judgment dismissing this case without prejudice for lack of subject-matter jurisdiction. (Filing 8.)

On March 31, 2022, Plaintiff filed a motion for reconsideration. (Filing 12.) Because Plaintiff has not indicated which provision of the Federal Rules of Civil Procedure she is relying upon in making the motion for reconsideration, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment.[1] *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). But whichever rule is applied, the motion fails.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Plaintiff's motion to reconsider is timely under either rule.

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Plaintiff argues she has a valid claim, but the court did not dismiss this action on the merits. Rather, it was dismissed because Plaintiff's claim does not involve an alleged violation of the United States Constitution or a federal statute, for which the court could exercise jurisdiction under 28 U.S.C. § 1331, nor does the amount of the claim exceed $75,000.00, which is the minimum amount required for the exercise of "diversity of citizenship" jurisdiction under 28 U.S.C. § 1332. Because the dismissal was made without prejudice, Plaintiff if free to pursue her claim in state court.

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (Filing 12) is denied.

Dated this 4th day of April 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge